# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL EUGENE HUBER,

    Petitioner,

vs.

WARDEN BACA, et al.,

    Respondents.

Case No. 3:14-cv-00083-RCJ-VPC

**ORDER**

    Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely or as a successive petition.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

   On March 2, 2005, petitioner was convicted in state district court of two counts of sexual assault, one count of attempted sexual assault, one count of robbery, one count of battery with intent to commit a crime, and one count of first-degree kidnaping. Petitioner appealed, and the Nevada

Supreme Court affirmed on January 12, 2006. The judgment of conviction became final for the purposes of § 2244(d)(1) on April 12, 2006.[1]

On July 10, 2012, petitioner filed in the state district court a motion for leave to file a motion for modification of sentence. The state district court denied the motion on July 31, 2012, but found a clerical error in the judgment of conviction. The judgment stated that petitioner was convicted pursuant to a plea of guilty, but petitioner went to trial and was found guilty by a jury. A second amended judgment of conviction was filed on August 13, 2012.

On February 6, 2013, petitioner filed a post-conviction habeas corpus petition in the state district court. The state district court determined that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1) and denied the petition. Petitioner appealed. The Nevada Supreme Court affirmed for the same reason on January 16, 2014. Remittitur issued on February 13, 2014.

Petitioner mailed his federal habeas corpus petition to this court on February 5, 2014.

On its face, the petition is untimely. The judgment of conviction became final on April 12, 2006, and the one-year period of § 2244(d)(1) expired at the end of April 12, 2007. Even if petitioner's sentence-modification motion and state habeas corpus petition could toll the period of limitation pursuant to § 2244(d)(2), the period had expired before petitioner filed the motion or the petition, and there was no time left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner has commenced in this court two other habeas corpus actions that challenged the same judgment of conviction,[2] but federal habeas corpus petitions are ineligible for tolling under § 2244(d)(2). Petitioner will need to show cause why the court should not dismiss this action because it is untimely. Petitioner notes in the petition that a good claim of actual innocence can excuse the operation of the one-year period, but he does not allege what evidence, not presented at trial, would have led no juror to have found him guilty beyond a reasonable doubt. He will need to correct that omission in his showing of cause.

---

[1]The state district court entered an amended judgment of conviction on August 15, 2005, to correct the sentence for one of the counts.

[2]Huber v. Palmer, 3:11-cv-00600-LRH-WGC; Huber v. Palmer, 3:11-cv-00516-LRH-VPC.

The petition also appears to be successive. In Huber v. Palmer, 3:11-cv-00516-LRH-VPC, petitioner challenged the same judgment of conviction that he challenges in this action. The court dismissed the earlier petition because, among other reasons, it too was untimely. "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Consequently, the petition in this action is a second or successive petition. Petitioner must first obtain authorization from the court of appeals before this court can consider his petition. 28 U.S.C. § 2244(b)(3). It does not appear that petitioner has obtained that authorization. Petitioner will need to show cause why the court should not dismiss this action because it is second or successive.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action, either for being untimely or for being a second or successive petition. Failure to comply with the court's order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. No response is required at this time.

Dated:   August 26, 2014.

_____
ROBERT C. JONES
United States District Judge

-4-